IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN WILLIAMS, **Petitioner,** | CIVIL ACTION |
| v. | |
| WARDEN, GEORGE W. HILL CORRECTIONAL FACILITY, et al., **Respondents.** | NO. 25-181 |

## O R D E R

**AND NOW**, this 11th day of May, 2026, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus (ECF Nos. 1, 5, 9, 34, 46), the Report and Recommendation of United States Magistrate Judge Craig M. Straw (ECF No. 61), there being no timely filed objections thereto, **IT IS HEREBY ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED** except as set forth below.[1]

---

[1] Dismissal of Williams's *pro se* habeas petition filed pursuant to 28 U.S.C. § 2241 is appropriate. Before entertaining a § 2241 petition on the merits, federal courts typically require the petitioner to first exhaust his claims for relief in state court. *See Moore v. DeYoung*, 515 F.2d 437, 442, 444 (3d Cir. 1975); *see also* 28 U.S.C. § 2254(b)(1). Williams has not done so; in fact, he has yet to be tried. Moreover, for the reasons explained below, there are no "extraordinary circumstances" warranting federal intervention before state processes have played out. *Moore*, 515 F.2d at 446.

"[I]n appropriate situations," "delay, harassment, bad faith or other intentional activity . . . might constitute an 'extraordinary circumstance,' justifying pre-exhaustion federal habeas relief." *Id.* at 447 n.12. In particular, the exhaustion requirement may be excused when there is an "inordinate delay by the state" that has rendered state relief "effectively unavailable." *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986). Asking whether a delay is inordinate is akin to asking whether it is reasonable. A court considers "all relevant factors," with a particular emphasis on the length of the delay, the degree of progress made in state court, and whether the petitioner bears any responsibility for the delay. *Morton v. Dir. V.I. Bureau of Corrs.*, 110 F.4th 595, 601 (3d Cir. 2024) (citations omitted). Even if there is an inordinate delay, courts should "stay their consideration of habeas petitions when previously stalled state proceedings resume." *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) (citations omitted).

Between his arrest and the filing of this petition, Williams had gone approximately thirty-six months without a trial. To date, he has been in custody for approximately fifty-two months without a trial. Delays of this duration are sufficient to support excusing exhaustion. *See, e.g.*, *Wojtczak*, 800 F.2d at 355 (thirty-three months); *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 893 (3d Cir.1975) (stating in dicta that forty months was an inordinate delay); *United States ex rel. Senk v. Brierley*, 471 F.2d 657, 660 (3d Cir.1973) (forty-two months).

2.  The Petition for a Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

---

Nevertheless, this delay is uniquely the result of the state court being "responsive" to Williams' case and to his constitutional rights. *Cristin*, 281 F.3d at 411. In October 2023, Williams's counsel in his state criminal matter filed a petition to declare him incompetent to stand trial. The state court held competency hearings and found Williams's to be incompetent in June 2024. Since then, it has issued orders responding to psychiatrists' updates on Williams's competency and renewed its incompetency determination on no less than six occasions, most recently in March 2026. Under Pennsylvania's Mental Health Procedures Act, Williams's case is to remain stayed until such time as he able to "to understand the nature or object of the proceedings against him or to participate and assist in his defense." 50 Pa. C.S.A. § 7402(a). Thus, approximately half of the delay in Williams's case has been due to the state court's efforts to ensure he receives a constitutionally fair trial. *See Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) ("Competence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial. . . ." (quotation marks and citation omitted)). This strongly weighs against finding there was an inordinate delay. *Compare Wojtczak*, 800 F.2d at 355 (excusing exhaustion where, for thirty-three months, the state court failed to rule on or hold any hearing on a post-conviction petition), *with Cristin*, 281 F.3d at 411 (holding that a twenty-seven month delay was not inordinate where the state court had held oral argument and scheduled an evidentiary hearing on a post-conviction petition).

Moreover, it is particularly notable that the state court has scheduled trial for May 18, 2026. Although the court may have done so as an administrative matter, it is nevertheless an indication that Williams will soon go to trial. This consideration further supports holding Williams to the exhaustion requirement. *See Morton*, 110 F.4th at 601 ("Ongoing progress may counsel against excusing exhaustion, even when there has been substantial delay."). In sum, Williams has not established an inordinate delay warranting immediate review of his federal habeas petition. It will therefore be dismissed without prejudice.

This conclusion parts ways with the Report and Recommendation (R&R) insofar as it does not make any ruling about the constitutionality of Williams's institutionalization. Under the Fourteenth Amendment's Due Process Clause, a person deemed incompetent can only be detained for the reasonable period of time necessary to determine whether there is a substantial probability that he will attain capacity in the foreseeable future. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972); *see also* 50 Pa. C.S.A. § 7403(d) (codifying this standard). The R&R would hold that Williams's length of detention pending competency is reasonable. However, the issue cannot be resolved at this time. Contrary to the R&R's suggestion, the Commonwealth's compliance with the mental health statute's procedures does not necessarily render the duration of Williams's institutionalization constitutionally reasonable per se. *See Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 150 n.4 (3d Cir. 2005) (observing that "the minimum, constitutionally mandated requirements of due process in a given context and case are supplied and defined by federal law, not by state law or regulations." (quotation marks and citation omits)). Instead, under *Jackson*, reasonableness is a function of the length of the individual's institutionalization, his mental health conditions, his prognosis, and the state court's actions to evaluate incompetence. *See Jackson*, 406 U.S. at 738-39 (finding a due process violation where the petitioner had been confined for three and a half years, even though his psychiatric evaluations had indicated virtually no chance of his attaining competency). The record is materially underdeveloped on these points, making the issue unfit for a decision.

For now, it suffices to make three observations. First, the Constitution does not permit a state to perpetually evaluate a defendant for competence. Indeed, *Jackson* strongly intimates that at a certain point, renewed findings of Williams's incompetence may suffice to establish "the lack of a substantial probability that he will ever be able to participate fully in a trial." *Id.* at 739. Second, "even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal." *Id.* at 738. Third and finally, to the extent there is a due process issue, it is one that, like Williams's other claims for relief, is best presented and addressed first in the state proceeding. *See Moore*, 515 F.2d at 442-43 ("'[C]omity demands that the state courts, under whose process he is held, and which are equally with the federal courts charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance.'" (quoting *Fay v. Noia*, 372 U.S. 391, 418-19 (1963)).

3.   A certificate of appealability is **DENIED**.

4.   It is **FURTHER ORDERED** that Petitioner's Motion for Leave to Renew and Amend

Petition for Writ of Habeas Corpus (ECF No. 62) is **DENIED**.[2]

5.   The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

**BY THE COURT:**

**S/ WENDY BEETLESTONE,**

_____

**WENDY BEETLESTONE, C.J.**

---

[2] Federal Rule of Civil Procedure 15(a)(2) instructs that district courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "While courts should not grant leave to amend automatically, the circumstances under which Rule 15(a) permits denial of leave to amend are limited." _Bowser Cadillac, LLC v. General Motors Corp._, 2008 WL 2802523, at *2 (W.D. Pa. July 18, 2008). Specifically, a court may deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." _Mullin v. Balicki_, 875 F.3d 140, 149 (3d Cir. 2017) (citing _Foman v. Davis_, 371 U.S. 178, 182 (1962)). Here, amendment would be futile because the Motion fails to set forth any new facts or claims for relief. Therefore, dismissal of his § 2241 petitions for failure to exhaust state remedies remains appropriate for the reasons stated above.